# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE MORNING SONG BIRD FOOD LITIGATION.** | Case No. 2:17-mc-46<br>Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Chelsey M. Vascura |

## ORDER

This matter arrived on this Court's docket when the plaintiffs in a lawsuit pending in the United States District Court for the Southern District of California filed a Petition to Perpetuate Testimony of Kathleen Lee (ECF No. 1). The source of the parties' dispute in *this* district is Ms. Lee's refusal to answer two questions at her deposition on the instructions of her counsel, who is also counsel for the defendants in the underlying action. Ms. Lee is not a party in the California action and is outside the subpoena power of that court. Petitioners argue that counsel's assertions of privilege at Ms. Lee's deposition were not supported by law and that the only viable remedy is to reconvene the deposition.

The Court is guided by Rule 1 of the Federal Rules of Civil Procedure, which explicitly instructs the Court to construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," and by Southern District of Ohio Local Rule 37.1, which discourages motions and applications related to discovery "unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences."

At Kathleen Lee's deposition, Petitioners' counsel asked Ms. Lee whether she knew who was paying her counsel for representing her at the deposition and whether anyone had offered her independent counsel. (Lee Depo., 55:16-17; 56:8-9.) Petitioners' counsel argues that those

questions were attempts to explore possible sources of bias on Ms. Lee's part. Ms. Lee's counsel instructed her not to answer the questions, and she complied with counsel's instructions.

Ms. Lee's counsel represents that, shortly after Ms. Lee's deposition, he advised Petitioners that the defendants in the California action had paid for Ms. Lee's representation at her deposition. He further offered to provide an answer to the question about independent counsel in a form that would constitute admissible evidence. Petitioners rejected the solutions proposed by Ms. Lee's counsel. They argue that they can explore potential bias on Ms. Lee's part only at a reconvened deposition.

The Court is persuaded that the parties' dispute could have been resolved, or substantially narrowed, before Ms. Lee's deposition ended. When Ms. Lee refused to answer questions, Petitioners' counsel moved on without exploring other possibilities for opening a discussion about bias with Ms. Lee. Petitioners' counsel did not engage in a discussion with Ms. Lee's counsel about the precise nature of the objection in order to identify bias-related questions that Ms. Lee might answer. Counsel also failed to involve the Court in an effort to resolve the dispute while the deposition was under way. Any of those actions might have eliminated the need for this satellite litigation.

Ms. Lee's counsel represents, and Petitioners' counsel appears to agree, that Petitioners have not proposed any acceptable alternative approach to obtaining Ms. Lee's answers to the questions that she refused to answer at her deposition and appropriate follow-up questions. Petitioners have rejected the alternative means proposed by Ms. Lee's counsel. The Court is convinced that extrajudicial means are available and suggests, by way of example, deposition by written questions with agreed limitations on the nature and scope of the questions.

Petitioners argue that reconvening Ms. Lee's videotaped deposition is a superior means of ensuring that Petitioners are able to explore potential sources of bias through questions and follow-up. They may be right. Ms. Lee's possible bias is not, however, central to Petitioners' claims in the

2

California action.  It is tangential, at best.  On the other side of the scales, reconvening Ms. Lee's deposition is burdensome, costly, and inconsistent with the just, speedy, and inexpensive resolution of the underlying action.  For those reasons, the Petition to Perpetuate Testimony of Kathleen Lee (ECF No. 1) is hereby **DENIED**.

    **IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE